Chief Justice Robertson,
delivered the Opinion of the Court.
This is an action of replevin brought by Morris vs. Philips, for sundry articles of goods and chattels taken by the latter, and uL'med by the former.
In three several forms Philips avowed the taking, and justified under a fieri facias in his hands, as constable, issued against one Chewning.
In the first avowry he alleged that Chewning was the owner of rhe property when tiie execution was levied. In the second he averted that the property was in Chew ring’s } ossessiou and teas sutject to the execution, and in the third heavened that Chewning had mortgaged the property to Morris, but had an equity of redemption, wherefore he (Philips) levied the execution on the equity of redemption, and took the property into his possession ior the purpose of selling the equity.
Demurrers to the second and third avowries were sustained by the court. It seems that an issue was concluded on the first avowry, but in what form we cannot ascertain from the record. The parties then agreed that either might prove any thing which could have been pleaded, and theieupou went to trial. The court instructed the jury to find for Morris, anda verdict and judgment were accordingly rendered in his favor.
Although the case seems to have been tried on the merits in consequence of the agreement of the parties; yet, as it does not appear, that the matter pleaded in the third avowry was brought before the jury, and as we should presume (in the absenee of record evidence to the contrary,) that Philips was not permitted to prove any such matter after the court, on demurrer, had decided that it was unavailing, it becomes material to decide on the sufficiency of the 3d avowry.' The demurrer was properly sustained to the 2nd, because it did not state any fact from which *280 the court could, as a matter of law, infer that Chewning was the owner of the property. Some substantive, fact and not a mere deduction, was necessary to show that, the right was in Chewning.
When an officerlevies on *-h>r>se'ruit" of redemption in mortgaged a. iifi*5 the* no’ht to take tlie •property into Ins possession for the purpose of effect.ing the safe.
Monroe, for plaintiff; Richardson, for defendant.
But the third avowry is, in our opinion, good, If, as it alleges Chewning held an equity of redemption, the officers had a right to levy on the proper-fv and sell that equity. Having a right to sell, he had a right, of course, to exhibit the property at t]le sa]e, so that bidders might see what they were buying; Sec I. Dig. 505 He had, therefore,a right to take the property into his possession, and the mortgagee had no right, so far, to complain. His could, not have been materially or injuriously
affected by the sale of the mortgogor’s equity of redemption, and is carefully protected by the law wkt,'h subjects the equity to sale. Such sale could not be effected unless the officer had a right to take the property.
Wherefore, the judgment of the said court is re-i* i" *i i» it versed, the verdict set aside, arid the cause remanded, with instructions to overrule the demurrer to the third count in the avowry,